IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS L. HUDSON,

      Plaintiff,                        No. CIV S-08-1505 DAD P

    vs.

S.R. STILES, et al.,

      Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 22, 2008, plaintiff filed a document with the court styled, "Bivens Complaints [sic] Deliberate Indifference." Therein, plaintiff claims that prison officials were deliberately indifferent about his safety and that on November 12, 2006, his cell mate threw boiling water on him and assaulted him because plaintiff confronted his cell mate about using illegal drugs.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff is advised that he has failed to state a Bivens action since the named defendants are state employees, not federal employees. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under Bivens are identical save for the replacement of a state action under § 1983 by federal actor under Bivens."). Therefore, the court
/////

will dismiss plaintiff's Bivens complaint and grant plaintiff leave to file a second amended complaint for a § 1983 action.

Plaintiff is also advised that he must provide further allegations concerning his Eighth Amendment failure to protect claim. It is well established that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. There are an objective and a subjective requirement which must be met for an Eighth Amendment claim. First, for the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must have a sufficiently culpable state of mind. See id. Here the state of mind is one of deliberate indifference. See id. A prison official who knows of and disregards an excessive risk to the inmate's health or safety demonstrates deliberate indifference. See id. at 837. Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. However, an official that knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances will not be held liable under the cruel and unusual punishment clause, even if the threatened harm results. See id. at 843. Therefore, in his second amended complaint, plaintiff must allege facts demonstrating that he faced a substantial risk of serious harm, that the officials knew of and disregarded the risk of harm to plaintiff, and that the actions of those officials were not reasonable.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleadings no longer serve any function in the case.  Therefore, in his second amended complaint, as in his original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    Lastly, the court will provide plaintiff with a final extension of time to file his in forma pauperis application as ordered by the court on September 18, 2008.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's amended complaint, filed on September 22, 2008 (Doc. No. 7), is dismissed;

    2. Plaintiff is granted thirty days from the date of service of this order to file his second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint;" and plaintiff shall use the form complaint provided by the court;

    3. Within thirty days from the date of service of this order, plaintiff shall submit a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of the Court, and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the original complaint;

    4. Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice; and

/////

/////

/////

/////

/////

4

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action and the application for requesting leave to proceed in forma pauperis.

DATED: November 4, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hud1505.14