1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCUS HUDSON,

11          Plaintiff,                    No. 2:08-cv-1505 KJN P

12      vs.                               FINDINGS AND RECOMMENDATIONS

13   DEPUTY WARDEN S.R. STILES,

14          Defendant.

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with

17   this civil rights action.  On August 24, 2009, plaintiff moved for summary judgment pursuant to

18   Federal Rule of Civil Procedure 56.  On September 22, 2009, defendant Stiles filed a cross-

19   motion for summary judgment alleging plaintiff's claims are barred by collateral estoppel or, in

20   the alternative, plaintiff has failed to demonstrate defendant Stiles was deliberately indifferent to

21   any "enemy" concerns about plaintiff's cellmate.  For the reasons set forth below, the

22   undersigned recommends that defendant's motion be granted and this action be dismissed.

23          Collateral Estoppel

24          Defendant contends this action is barred by collateral estoppel because plaintiff

25   filed suit against Stiles in state court and the state court sustained Stiles' demurrer without leave

26   ////

1

1   to amend, and dismissed the lawsuit with prejudice.  Plaintiff failed to address this issue.  (Dkt.

2   No. 36, *passim*.)

3          Defendants have provided copies of documents from the Solano County Superior

4   Court.[1]  On June 5, 2007, plaintiff filed a complaint for damages against defendant Stiles, et al.,

5   in the Solano County Superior Court.  (Dkt. No. 34-1 at 9.)  Plaintiff's complaint was entitled

6   "Bivens Complaints, Civil lawsuit Complaint Against General Negligence, Intentional Tort,

7   Intentional Infliction of Emotional Distress, Professional Negligence."  In the text of his

8   complaint, however, plaintiff alleged, inter alia, a violation of the Eighth Amendment based on

9   defendant's alleged failure to protect plaintiff from a substantial risk of serious harm.  (Id.)

10  Plaintiff then filed an amended complaint in which he alleged defendant Stiles was liable under a

11  theory of supervisory liability.  (Id. at 23.)  On March 2, 2009, defendant Stiles and other

12  defendants filed a demurrer to the complaint.  (Id. at 28-44.)  Defendants argued, inter alia, that

13  plaintiff's federal civil rights claim under 42 U.S.C. § 1983 was deficient because defendant

14  Stiles could not be held vicariously liable for plaintiff's injuries.  (Dkt. No. 34-1 at 32-33.)

15  Plaintiff did not oppose the demurrer.  (Id. at 40.)  On July 23, 2009, Solano County Superior

16  Court Judge Scott L. Kays issued an order sustaining the demurrer, without leave to amend, for

17  failure to state a cause of action.  (Id. at 40-41.)

18         Collateral estoppel, alternatively known as issue preclusion, prevents relitigation

19  of "all issues of fact or law that were actually litigated and necessarily decided in a prior

20  proceeding against the party who seeks to relitigate the issues."  Hawkins v. Risley, 984 F.2d

21  321, 325 (9th Cir. 1993) (internal citation omitted).  Federal courts generally give preclusive

22  effect to issues decided by state courts.  Allen v. McCurry, 449 U.S. 91, 95-96 (1980).  As

23  explained by the Supreme Court, such preclusive effect derives from the common law, policies

24  supporting collateral estoppel, and 28 U.S.C. § 1738 which provides that the "judicial

25

26  _____

    [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
    803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  proceedings [of any State] . . . shall have the same full faith and credit in every court within the

2  United States . . . as they have by law or usage in the courts of such State. . . ." Id.

3  Although plaintiff raised his § 1983 claim in the body of his state court complaint,

4  it is not clear that the state court considered it.  Judge Kays' order only addressed state law

5  claims, relying on state statutes and cases, and did not specifically address plaintiff's

6  constitutional claim.  (Dkt. No. 34-1 at 41.)  Thus, this court is unable to find that the instant

7  action is definitively barred by collateral estoppel, because it is not clear that the state court judge

8  necessarily decided plaintiff's constitutional claim.  The court turns now to the substantive merits

9  of the cross-motions.

10  Plaintiff's Claims

11  Plaintiff alleges that on November 12, 2006, plaintiff was attacked by his cellmate

12  who threw hot boiling water from his hot-pot primarily on to plaintiff's upper torso, but also

13  some on his face and neck.  (Compl. at 3.)  Plaintiff alleges he suffered second degree burns.

14  Plaintiff also alleges that prior to the November 12 incident, he wrote letters to a law firm and to

15  defendant Stiles, explaining "the problem he was having with [his] safety and well being, as well

16  as numerous other problems [he] was having." (Id.)  Plaintiff also alleges defendant Stiles

17  "acknowledge[d] [his] situation with a letter of memorandum response [he] received on

18  August 10, 2006, three months before this incident occurred." (Compl. at 4.)  Plaintiff alleges

19  defendant Stiles failed to protect plaintiff and subjected plaintiff to cruel and unusual

20  punishment.  (Id.)

21  Legal Standard for Summary Judgment

22  Summary judgment is appropriate when it is demonstrated that the standard set

23  forth in Federal Rule of Civil Procedure 56(c) is met.  "The judgment sought should be rendered

24  if . . . there is no genuine issue as to any material fact, and that the movant  is entitled to

25  judgment as a matter of law."  Fed. R. Civ. P. 56(c).

26  ////

1
2
3

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

4 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the

5 burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

6 in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on

7 file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and

8 upon motion, against a party who fails to make a showing sufficient to establish the existence of

9 an element essential to that party's case, and on which that party will bear the burden of proof at

10 trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the

11 nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a

12 circumstance, summary judgment should be granted, "so long as whatever is before the district

13 court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

14 satisfied." Id.

15         If the moving party meets its initial responsibility, the burden then shifts to the

16 opposing party to establish that a genuine issue as to any material fact actually exists. See

17 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to

18 establish the existence of such a factual dispute, the opposing party may not rely upon the

19 allegations or denials of its pleadings but is required to tender evidence of specific facts in the

20 form of affidavits, and/or admissible discovery material, in support of its contention that the

21 dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

22 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

23 of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

24 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

25 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

26 ////

1   return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

2   1436 (9th Cir. 1987).

3            In the endeavor to establish the existence of a factual dispute, the opposing party

4   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6   versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 630.  Thus, the "purpose of summary

7   judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8   genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

9   committee's note on 1963 amendments).

10           In resolving a summary judgment motion, the court examines the pleadings,

11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

12  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

13  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

14  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

15  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

16  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

17  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

18  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19  show that there is some metaphysical doubt as to the material facts . . .  Where the record taken

20  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21  'genuine issue for trial.'"  Matsushita, 475 U.S. at 586 (citation omitted).

22           By order filed January 16, 2009, the court advised plaintiff of the requirements for

23  opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Dkt.

24  No. 19); see Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v.

25  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

26  ////

1    Undisputed Facts

2        1.  Plaintiff was incarcerated at CSP-Solano during the relevant time period

3  herein.

4        2.  Defendant Stiles was the Chief Deputy Warden of CSP-Solano during the

5  relevant time period herein.

6        3.  Plaintiff did not have any enemy concerns about his cellmate before

7  November 12, 2006.  (Compl., Ex. E (Pl.'s October 17, 2006 letter to Attorneys Rosen, Bien &

8  Asaro:  "I don't bother anyone or have any enemy I no [sic] of."); Deft.'s Ex. E.)

9        4.  Defendant Stiles was unaware of any enemy concerns about plaintiff's cellmate

10  before November 12, 2006.  Stiles Decl. ¶ 2 (Dkt. No. 35-4, Ex. F.)

11        5.  Plaintiff alleges his cellmate threw boiling water on him from a hot-pot,

12  causing burns, on November 12, 2006.  (Compl. at 5.)

13    Analysis

14        The Civil Rights Act under which plaintiff is proceeding provides that

15        [e]very person who, under color of [state law] . . . subjects, or
          causes to be subjected, any citizen of the United States . . . to the
16        deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
17        law, suit in equity, or other proper proceeding for redress.

18  42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of each

19  defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v.

20  Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

21  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

22  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

23  perform an act which he is legally required to do that causes the deprivation of which complaint

24  is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25        The Eighth Amendment prohibits cruel and unusual punishments.  U.S. Const.

26  amend. VIII.  It is well established that the unnecessary and wanton infliction of pain constitutes

1   cruel and unusual punishment forbidden by the Eighth Amendment.  Whitley v. Albers, 475 U.S.

2   312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977).  However, neither accident nor

3   negligence constitutes cruel and unusual punishment, for "[i]t is obduracy and wantonness, not

4   inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and

5   Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

6           In order to prevail on any claim of cruel and unusual punishment, a prisoner must

7   prove facts that satisfy a two-part test.  First, the prisoner must prove that objectively he suffered

8   a sufficiently serious deprivation.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Second, the

9   prisoner must prove that subjectively each defendant acted with deliberate indifference in

10  allowing or causing the prisoner's deprivation to occur.  Id. at 299.  It is insufficient to show

11  mere negligence or error on the part of the defendant.  Id.

12          An inmate's health and safety are conditions of confinement subject to the

13  strictures of the Eighth Amendment.  Wilson, 501 U.S. at 303.  An injury to a prisoner's health

14  or safety "translates into constitutional liability" for the prison officials responsible for a

15  prisoner's safety when the deprivation suffered is sufficiently serious and each official had a

16  sufficiently culpable state of mind in causing or allowing the deprivation to occur.  Farmer,

17  511 U.S. at 834.  Where a prisoner alleges failure to prevent harm, he or she satisfies the

18  "sufficiently serious" requirement by proving the existence of conditions posing a substantial risk

19  of serious harm.  Id. at 834; see also Helling v. McKinney, 509 U.S. 25, 33-34 (1993).  However,

20  a prison official has a sufficiently culpable mind only where "the official knows of and disregards

21  an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.  "[T]he official must both

22  be aware of facts from which the inference could be drawn that a substantial risk of serious harm

23  exists, and he must also draw the inference."  Id.  Whether a prison official had the requisite

24  knowledge of a substantial risk is a question of fact.  Id. at 842.  "[P]rison officials who actually

25  knew of a substantial risk to inmate health or safety may be found free from liability if they

26  responded reasonably to the risk, even if the harm ultimately was not averted."  Id. at 844.

1    Upon consideration of defendant's arguments, the undersigned finds that

2 defendant has provided to evidence demonstrating that there is no genuine issue as to any

3 material fact concerning plaintiff's Eighth Amendment claim and that defendant is entitled to

4 judgment as a matter of law.

5    The defendant having borne his initial responsibility, the burden shifts to plaintiff

6 to establish the existence of genuine issues of material fact requiring a trial.  As the party who

7 will bear the burden of proof at trial, plaintiff may not rely on the allegations of his complaint or

8 on mere argument but must provide evidence that demonstrates the existence of genuine issues as

9 to material facts.  The only evidence plaintiff has submitted in support of his opposition are the

10 following:

11    1. A copy of Stiles' August 10, 2006 response to plaintiff's May 16, 2006 letter.

12 (Dkt. No. 31 at 40.)  Plaintiff contends that Stiles' response and his letter that initiated the

13 response confirms defendant Stiles was aware plaintiff was at risk of substantial harm by his

14 cellmate.  However, Stiles' response identifies plaintiff's complaints as follows:

15    This is in response to your letter dated May 16, 2006, addressed to
     the Office of Internal Affairs, where you express concerns ranging
16    from misconduct by officers, to your safety and well-being.  In
     your correspondence you also address a number of issues which
17    involve your rights as they relate to the law library, access to
     medication and the legal mail process.

18

19 (Id.)  However, this response, without more, fails to identify any threat by a fellow inmate, let

20 alone plaintiff's cellmate.  Moreover, plaintiff has not provided a copy of his letter addressed to

21 the Office of Internal Affairs.  Plaintiff also did not provide a copy of any letter he may have sent

22 to Stiles directly. (See Compl. at 3: "I wrote several letters to a couple of agencies and to Rosen,

23 Bien & Asaro, Attorneys, and the other person was R. Stiles Chief Deputy Warden.")

24 ////

25 ////

26 ////

1          2.  A copy of plaintiff's letter to Rosen, Bien & Asaro.[2]  (Dkt. No. 37 at 36-37.)

2  In this letter, plaintiff makes numerous complaints about staff members harassing him.  He

3  claims he and his cellmate had been moved.  But he raises no claim that his cellmate was

4  threatening him or posed a danger to his safety.  (Id.)

5          On the other hand, defendant Stiles has provided a sworn declaration stating that

6  prior to November 12, 2006, he

7          was not aware of any enemy concerns that [plaintiff] had about his
           cellmate.  If [he] had been aware of such concerns, [he] would
8          have instructed staff to conduct an inquiry.  If the enemy concerns
           were substantiated, [plaintiff] would have been separately housed
9          from his cellmate.

10  (Dkt. No. 35-3 at 47.)

11          After reviewing the file, the undersigned finds that plaintiff's evidence does not

12  demonstrate that defendant knew of a substantial risk of serious harm to plaintiff's safety at any

13  time prior to November 12, 2006.  Nor does plaintiff's evidence show that defendant knew of

14  facts from which he could have drawn an inference of a substantial risk of serious harm to

15  plaintiff.  Indeed, plaintiff's evidence supports defendant's argument that he had no reason to

16  believe that there was a threat of harm to any inmate.

17          Plaintiff has failed to demonstrate the existence of a genuine issue of material fact

18  concerning the subjective element of his Eighth Amendment claims.  In the absence of any

19  evidence that defendant knew of and disregarded an excessive risk to plaintiff's safety prior to

20  November 12, 2006, the undersigned finds that no rational trier of fact could find that defendant

21  had a sufficiently culpable state of mind.  Plaintiff's complete failure of proof concerning the

22  subjective element of his claim renders all other facts, as well as any disputes concerning those

23  facts, immaterial.  Summary judgment should be entered for defendant.

24  ////

25

26          [2]  Interestingly, plaintiff attempted to black out the date of the letter, as well as the
    sentence conceding he had no known enemy as of October 17, 2006.  (Dkt. No. 36 at 17.)

9

1    In light of the determination that defendant is entitled to judgment in his favor on

2    the merits of plaintiff's claims, it is unnecessary to consider defendant's argument in the

3    alternative that he is entitled to qualified immunity.

4    Finally, on February 19, 2010, plaintiff filed a request for five subpoena forms.  In

5    light of the recommendations herein, plaintiff's request will be denied without prejudice.

6    In accordance with the above, IT IS HEREBY ORDERED that:

7    1.  The Clerk of the Court is directed to assign a district judge to this case.

8    2.  Plaintiff's February 19, 2010 request is denied without prejudice.  (Dkt.

9    No. 39.)

10    IT IS HEREBY RECOMMENDED that:

11    1.  Plaintiff's August 24, 2009 motion for summary judgment be denied.  (Dkt.

12    No. 31.)

13    2.  Defendant's September 22, 2009 motion for summary judgment be granted and

14    this case be closed.  (Dkt. No. 35.)

15    These findings and recommendations are submitted to the United States District

16    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

17    one days after being served with these findings and recommendations, any party may file written

18    objections with the court and serve a copy on all parties.  Such a document should be captioned

19    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

20    objections shall be filed and served within fourteen days after service of the objections.  The

21    parties are advised that failure to file objections within the specified time may waive the right to

22    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23    DATED:  July 22, 2010

24

25    KENDALL J. NEWMAN
       UNITED STATES MAGISTRATE JUDGE

26    huds1505.msj